```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Keith A. Werner,                :
        Plaintiff,              :
                                :
    v.                          :     File No. 2:06-CV-174
                                :
Stonebridge Life                :
Insurance Co., John Doe,        :
        Defendants.             :
```

OPINION AND ORDER
(Papers 22 and 31)

Plaintiff Keith Werner, proceeding *pro se*, brings this action claiming that his parents purchased a group accidental death insurance policy from defendant Stonebridge Life Insurance Company ("SLIC"). Werner's father subsequently died, and coverage on the policy was denied. Werner is now suing for, *inter alia*, fraud and breach of contract. Currently pending before the Court is SLIC's motion to change venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, SLIC's motion is GRANTED, and this case is TRANSFERRED to the United States District Court for the District of Rhode Island.

Factual Background

Werner's complaint alleges that on or about May 5, 1997, his parents, George and Mary Werner, agreed to purchase a group accidental death policy from J.C. Penny

Company.[1]  Soon thereafter, Mrs. Werner received a certificate specifying the terms of the policy.  Mrs. Werner did not understand the language in the policy, and telephoned the "John Doe" defendant with her questions.  John Doe allegedly assured Mrs. Werner that the policy provided for a million dollar indemnity for any accidental death.  The Werners purchased the policy in reliance upon this statement, and paid all premiums in a timely manner.

The complaint further alleges that on May 14, 2004, George Werner choked to death.  A timely claim for indemnification was made to SLIC.  In a letter dated July 26, 2004, SLIC denied coverage.  SLIC now contends that George Werner's death certificate "makes it clear that Mr. Werner did not die from an accidental bodily injury."  According to SLIC, the death certificate stated the immediate cause of death as "asper pneumonitis associated with Pic Disease and dementia."  (Paper 22 at 1).

On May 8, 2005, Mary Werner allegedly notified SLIC that plaintiff Keith Werner is the sole beneficiary of the policy.  Keith Werner initiated this action on August

---

[1]  J.C. Penny subsequently conveyed the policy to SLIC.

29, 2006. He claims that the defendants fraudulently induced Mrs. Werner into purchasing the policy, that SLIC failed to "properly hire, train and supervise its employees relative to being forthright and honest," and that the defendants' failure to pay on the policy is both negligent and in bad faith. (Paper 5-1 at 5).

SLIC now moves to change venue. In support of its venue argument, SLIC submits that "the insurance coverage was issued in Rhode Island. While Stonebridge Life Insurance Company was incorporated in Vermont, it has no place of business in Vermont. Its principle [sic] place of business is in Baltimore, Maryland, and has an office in Texas." (Paper 22 at 1). SLIC further alleges that Mary Werner is a resident of Rhode Island; that the insurance coverage was issued in Rhode Island; that all medical witnesses are located in Rhode Island; and that all SLIC witnesses would be coming from Rhode Island. Keith Werner is a resident of Massachusetts. Id. at 1-2. "[T]here is not a single witness with relevant testimony to this controversy located in Vermont." Id. at 2.

Werner opposes SLIC's motion. In his opposition, Werner challenges SLIC's conclusion that the coverage was

issued in Rhode Island.  Werner claims that, under the terms of the policy, acceptance of the contract was contingent upon the receipt of the premiums.  Policy premiums, he argues, were not received in Rhode Island.  Similarly, Werner contends that the telemarketer who first contacted his parents did not call from Rhode Island, and that the John Doe who explained the policy to Mrs. Werner was not in Rhode Island.  The Court notes that Werner is not claiming a Vermont connection to either the premium payments or the John Doe conversation.  Werner asserts that he plans to call "10-15 witnesses from Vermont" but does not identify who these witnesses are or what their testimony would be.

   Werner also challenges SLIC's claim that it has no place of business in Vermont, and has submitted documentation showing a "home office" in Rutland, Vermont, with an "administrative office" in Plano, Texas.  "SLIC has employees, agents and representatives in Vermont, pays taxes in Vermont . . . .  Meetings of stockholders have been in Rutland, Vermont and Defendants have purchased, rented and leased many and sundry things in Vermont."  (Paper 33-1 at 7).  Because of these

contacts with the State of Vermont, Werner argues that the SLIC's "territorial presence enhances its affiliation with the state and reinforces the foreseeability of being haled into court there." Id. at 9.

## Discussion

Section 1404(a) provides that a district court may transfer a civil action to any other district where the action might have been brought "[f]or the convenience of the parties and the witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

A district court must undertake a two-part inquiry in determining whether transfer is appropriate. First, the court must determine whether the action sought to be

transferred is one that could originally have been brought in the transferee district.  See 28 U.S.C. § 1404(a) ("[a] district court may transfer any civil action to any other district or division where it might have been brought.").  Second, the court must evaluate whether transfer is warranted, considering several specific factors related to "the convenience of the parties and witnesses [and] in the interest of justice."  Id.  The Second Circuit recently listed seven factors that a court should consider in deciding whether to grant a motion to transfer:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

D.H. Blair & Co., 462 F.3d at 106-07.  Some courts have identified additional factors, including (1) "the forum's familiarity with the governing law," and (2) "trial efficiency and the interest of justice, based on the totality of the circumstances."  Glass v. S & M NuTec, 456 F. Supp. 2d 498, 501 (S.D.N.Y. 2006); In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394

(S.D.N.Y. 2006).

I. <u>Plaintiff's Choice of Forum</u>

There is no dispute that this case could have been brought in Rhode Island. The Court will therefore turn to the multi-factor analysis relating to convenience and the interest of justice. Under the first factor, a plaintiff's choice of forum is ordinarily "given great weight" in the analysis required by § 1404(a). <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d at 107. However, "when a plaintiff chooses a forum that is not his residence, that weight is diminished." <u>DeJesus v. National R.R. Passenger Corp.</u>, 725 F. Supp. 207, 208 (S.D.N.Y. 1989). Furthermore, the Second Circuit considers deference on a "sliding scale" basis, giving "greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate reasons," such as convenience, "and diminishing deference" to a plaintiff's forum choice to the extent it was motivated by tactical advantage. <u>Iragorri v. United Technologies Corp.</u>, 274 F.3d 65, 73 (2d Cir. 2001).

Here, Werner's reasons for choosing Vermont are not clear. He is a Massachusetts resident with a mailing

address in Rhode Island.[2]  The relevant medical documents originated in Rhode Island, and all pertinent contacts with SLIC and its agents were made while Werner's parents lived in Rhode Island.  The only apparent link to Vermont is SLIC's incorporation here.  Therefore, the Court will give only moderate weight to Werner's choice of forum.

II.  Convenience of Witnesses

The convenience of the witnesses "is generally considered the most important" of the factors a court considers in deciding whether to transfer a case.  In re Collins, 438 F. Supp. 2d at 395.  SLIC states that "[a]ll of the witnesses for the Defendant would be coming from Rhode Island."  In response, Werner states that he will be calling numerous witnesses from Vermont.  Neither party has offered details with respect the identities of these witnesses or the nature of their testimony.

SLIC carries the burden of showing inconvenience. In order to meet this burden, the moving party is generally required to supply "an affidavit containing 'detailed factual statements' explaining why the

---

[2] Based upon Werner's written submissions, it appears that he is currently in the custody of the Rhode Island Department of Corrections.

transferee forum is more convenient, including 'the potential principal witnesses expected to be called and a general statement of the substance of their testimony.'" Pall Corp. v. PTI Techs., Inc., 992 F. Supp. 196, 198 (E.D.N.Y. 1998) (quoting Laumann Mfg. Corp. v. Castings USA Inc., 913 F. Supp. 712, 720 (E.D.N.Y. 1996).  SLIC has provided no such affidavit.

   Although SLIC's effort with respect to its own witnesses falls short of the required showing, it is plain that many key witnesses in this case are in Rhode Island.  With respect to any claim of fraud or deceit, Mrs. Werner is an obvious witness.  Medical witnesses, including emergency room staff who attended to Mr. Werner, will also be coming from Rhode Island.  Werner himself is incarcerated in Rhode Island.  Although SLIC has not provided details about its witnesses, it has stated generally that they will all come from Rhode Island.  Accordingly, and notwithstanding Werner's suggestion of Vermont witnesses, it appears that the convenience of essential witnesses weighs in favor of a transfer to Rhode Island.

III.   Location of Relevant Documents

The relevant documents in this case in include medical records and the insurance policy. The relevant medical records are in Rhode Island. The insurance policy can presumably be reproduced by SLIC anywhere, although the original is most likely in the possession of Werner and/or his mother in Rhode Island. Therefore, this factor tips in favor of a transfer.

IV.  Convenience of Parties

With respect to convenience of the parties, Werner's choice of forum is curious. Since he and his mother are physically located in Rhode Island, Rhode Island would seem to be more convenient than Vermont. SLIC clearly prefers Rhode Island for its personnel. Although Werner suggests that the convenience factor can be ameliorated by the use of "Court T.V., which has become more than a routine practice in courts all across the nation," this Court sees little reason to employ such technology when both parties can easily appear in the same venue.

V.  Locus of Operative Facts

The operative facts in this case focus on (1) the sale of the insurance policy, (2) the death of George Werner, and (3) the denial of coverage. Werner does not

claim that any of these events occurred in Vermont. Indeed, the facts alleged in the complaint show that the policy was sold to Rhode Island residents, that George Werner died in Rhode Island, and that coverage was denied to Mrs. Werner and/or her son, who are residents of Rhode Island and Massachusetts, respectively.  Where there is "no material connection between this district and the operative facts, . . . the interests of justice require transfer of the action."  Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees and Technicians, AFL-CIO, 574 F. Supp. 668, 671 (S.D.N.Y. 1983).

VI.   Availability of Process to Compel Attendance

If this case is tried in Vermont, there may be witnesses, including medical personnel, who are beyond the subpoena power of this Court.  In contrast, a Rhode Island court would have the power to require that those witnesses attend, and if SLIC's representation about its witnesses is true, would also be able to compel the attendance of all defense witnesses.  Therefore, this factor also weighs in favor of a transfer.

VII.  Relative Means of the Parties

Neither party has discussed this factor in their

memoranda. The Court presumes that SLIC has greater resources than the plaintiff. This fact, however, does not favor retaining venue in Vermont. Indeed, it would seem that travel expenses for the plaintiff and his witnesses would be minimized by moving the case to Rhode Island.

VIII.  Other Factors

The parties do discuss in their filings the question of the governing state law. Werner highlights the fact that SLIC failed to include a forum selection clause in its policy. SLIC submits that the policy was issued in Rhode Island, and that Rhode Island law would apply. Given that this case is being transferred, the Court considers it prudent to allow the transferee court to determine the applicable law. The Court will say, however, that neither party has argued for the application of Vermont law. Accordingly, there has been no showing that Vermont has an interest in the legal principles at issue.

The final factor is "trial efficiency and the interest of justice, based on the totality of the circumstances." Glass, 456 F. Supp. 2d at 501. As

discussed above, the operative events in this case occurred in Rhode Island.  Several of the witnesses involved in those events, including the Werners and relevant medical personnel, are also in Rhode Island.  Therefore, and despite Werner's unsupported claims of Vermont-based witnesses, the current record supports a finding that Rhode Island is the more appropriate venue for this litigation.

## Conclusion

For the reasons set forth above, SLIC's motion for change of venue (Paper 22) is GRANTED, and Werner's motion to stay the change of venue (Paper 31) is DENIED as moot.[3]  This case is hereby TRANSFERRED to the United States District Court for the District of Rhode Island.  All remaining pending motions are deferred to the transferee court.

Dated at Burlington, in the District of Vermont, this 22nd day of February, 2007.

---

[3] This motion asked the Court to refrain from transferring venue until it had received Werner's opposition to SLIC's motion.  Werner also suggested that a forthcoming motion to amend his complaint would render SLIC's motion moot.  The Court has since received Werner's opposition and his motion amend, and has considered both filings in the context of the venue question.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
Chief Judge, United States District Court